JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Susan E. Murphy, Individually and as Executor of the Estate of Donald A. Murphy, deceased

**(b)** County of Residence of First Listed Plaintiff   Brevard, Florida
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tia Dinh, Weitz & Luxenberg, 200 Lake Drive East, Suite 205, Cherry Hill, NJ 08002  856-755-1115

## DEFENDANTS
Union Carbide Corporation

County of Residence of First Listed Defendant   Harris County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Robert N. Spinelli/Catherine N. Jasons, KJMSH&R, 50 S. 16th St., Phila., PA 19102  215-854-0658

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☒ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332(a), 1441 and 1446
Brief description of cause:
Asbestos Personal Injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
07/24/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1025 W. Nasa Blvd. C 11D, Melbourne, FL 32919-0001

Address of Defendant: 1254 Enclave Parkway, Houston, TX 77077

Place of Accident, Incident or Transaction: At various government sites in New York, Georgia, New Jersey and elsewhere.

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☒  No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☒  No ☐

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☒ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Catherine N. Jasons, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: July 24, 2013      Catherine N. Jasons      30105

      Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: July 24, 2013      _____      30105

      Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Susan E. Murphy, Individually and as Executor of the Estate of Donald A. Murphy, deceased $_{\text{V.}}$ : | CIVIL ACTION |
| Union Carbide Corporation : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  (X )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| July 24, 2013 | Catherine N. Jasons | Union Carbide Corporation |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-854-0658 | 215-854-8434 | cjasons@kjmsh.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN E. MURPHY, Individually     :     CIVIL ACTION
and as Executor of the Estate of     :
DONALD A. MURPHY, deceased,     :
    :     No. _____
        Plaintiff     :
      v.     :     Removed from the Court of Common
    :     Pleas of Philadelphia County, Pennsylvania
UNION CARBIDE CORPORATION,     :     June Term, 2013, No.  3873
    :
        Defendant     :

## NOTICE OF REMOVAL OF DEFENDANT UNION CARBIDE CORPORATION

Defendant Union Carbide Corporation (hereinafter "Union Carbide")  hereby removes this action from the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, to this Court based upon diversity of citizenship of the parties pursuant to 28 U.S.C. §§§ 1332, 1441 and 1446.   Union Carbide provides the following short and plain statement of the grounds for removal:

1.      This action was commenced by the filing of a Complaint on June 28, 2013  in the Philadelphia County Court of Common Pleas under the caption Susan E. Murphy, Individually and as Executor of the Estate of Donald A. Murphy, deceased, 1025 W. Nasa Blvd C 11D, Melbourne, FL  32919-0001 v. Union Carbide Corporation at June Term, 2013, No.  3873.  A copy of the Complaint is attached hereto as Exhibit "A."

2.      Plaintiff alleges in the Complaint that  Donald Murphy developed mesothelioma as a result of exposure to asbestos and/or asbestos-containing products.  (*See* Exhibit "A" at ¶ 6).

    3.      Plaintiff alleges in the Complaint that she is a citizen of the State of Florida. (*See* Exhibit "A" at ¶ 1).

    4.      Union Carbide was served with a copy of plaintiff's Complaint on July 1, 2013.

    5.      On July 22, 2013, Union Carbide filed its Entry of Appearance and Answer to Plaintiff's Complaint. A copy of the Entry of Appearance and Answer to Plaintiff's Complaint is attached hereto as Exhibit "B."

    6.      Union Carbide is now, and was at the time of the filing of the Complaint, a New York corporation with its principal place of business in Houston, Texas.

    7.      Since the Plaintiff is a citizen of Florida and Union Carbide is a citizen of New York and Texas, there is complete diversity of citizenship between Plaintiff and Defendant.

    8.      Upon information and belief, this matter meets the $75,000 threshold set forth in 28 U.S.C. § 1332(a).

    9.      Pursuant to 28 U.S.C. § 1441, Defendant removes the within action to this Court as it is a civil action between citizens of different states and the amount placed in controversy by Plaintiff exceeds the sum of $75,000.

    10.    Pursuant to 28 U.S.C. § 1446(b), Union Carbide has filed this Notice of Removal within thirty (30) days of service of the Complaint upon Union Carbide.

    11.    Pursuant to 28 U.S.C. § 1446(a), this court is the United States District Court for the district and division within which the civil action was filed in State court.

    12.    Pursuant to 28 U.S.C. § 1446(a), Union Carbide has attached copies of all process, pleadings and orders in the state court action served upon Union Carbide.

    13.    Pursuant to 28 U.S.C. § 1446(d), defendant Union Carbide is filing written Notice of Removal with the Court of Common Pleas of Philadelphia County, First Judicial

District of Pennsylvania, concurrently with the filing of this Notice of Removal and will serve the same on counsel of record.

        **WHEREFORE,** Defendant Union Carbide Corporation respectfully requests that this Court assume jurisdiction over this matter on removal from the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania.

        Respectfully submitted,

        **KELLEY JASONS McGOWAN SPINELLI HANNA & REBER, LLP**

        **BY:** */s/ Robert N. Spinelli*
        **Robert N. Spinelli**
        **Catherine N. Jasons**
        **I.D. No. 28051/30105**
        **Two Liberty Place, Suite 1900**
        **50 South 16th Street**
        **Philadelphia, PA  19102**
        **(215) 854-0658**
        **rspinelli@kjmsh.com**
        **cjasons@kjmsh.com**
        **Attorneys for Defendant**
        **Union Carbide Corporation**

Date: July 24, 2013

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JUNE 2013

E-Filing Number: 1306049808

003873

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>SUSAN E. MURPHY | **DEFENDANT'S NAME**<br>UNION CARBIDE CORPORATION |
| **PLAINTIFF'S ADDRESS**<br>1025 W NASA BLVD. C11D<br>MELBOURNE FL 32919 | **DEFENDANT'S ADDRESS**<br>CT CORPORATION SYSTEM 111 8TH AVENUE<br>NEW YORK NY 10011 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[ ] Non-Jury<br>[ ] Other: | [X] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce  [ ] Settlement<br>[ ] Minor Court Appeal  [ ] Minors<br>[ ] Statutory Appeals  [ ] W/D/Survival |

**CASE TYPE AND CODE**
T1 - MASS TORT - ASBESTOS

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
JUN 28 2013
J. MURPHY

**IS CASE SUBJECT TO COORDINATION ORDER?**  YES  NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SUSAN E MURPHY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>TIA DINH | ADDRESS<br>200 LAKE DRIVE EAST<br>SUITE 205<br>CHERRY HILL NJ 08002 |
|---|---|
| PHONE NUMBER<br>(856)406-3996 | FAX NUMBER<br>none entered | |
| SUPREME COURT IDENTIFICATION NO.<br>311406 | E-MAIL ADDRESS<br>t.dinh@weitzlux.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>TIA DINH | DATE SUBMITTED<br>Friday, June 28, 2013, 02:04 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| MURPHY VS UNION CARBIDE CORPORATION | 2013 TERM JUNE |
| | No. 03873 |

IN RE: ASBESTOS LITIGATION - OCTOBER TERM 1986, NO. 0001

## MASTER CASE MANAGEMENT ORDER FOR
## ASBESTOS-RELATED PERSONAL INJURY CLAIMS

It is the goal of this Court to secure the just, expeditious and cost-effective determination of each personal injury case involving exposure to asbestos or asbestos-containing products pending or hereafter filed in the Court of Common Pleas of Philadelphia County to eliminate duplication of effort, prevent unnecessary paperwork and promote judicial economy.

In order to achieve these objectives, this 1st day of December, 2010, the Court enters the following Case Management Order for personal injury cases involving exposure to asbestos or asbestos-containing products.

This Case Management Order supersedes all prior Case Management Orders entered in the Asbestos Litigation and shall apply to all cases currently pending and hereafter filed in this Court.

## I. PLEADINGS
### A. Short Form Complaints

A Short Form Complaint shall be filed and served in every case in accordance with the Pennsylvania Rules of Civil Procedure. Plaintiffs may incorporate by reference the Master Long Form Complaints filed on the above-captioned docket.

The Short Form Complaint shall contain the information required by Philadelphia Civil Rule *1019.1(B), to the extent consistent with the Pennsylvania Rules of Civil Procedure.

A Short Form Complaint that contains premises liability claims shall include the name and address of each work site in which the plaintiff alleges exposure to asbestos and the dates during which the plaintiff or the decedent worked at each such work site.

### B. Preliminary Objections

In response to each Short Form Complaint, the defendant may file preliminary objections, if deemed appropriate, in accordance with the Pennsylvania Rules of Civil Procedure and Philadelphia Civil Rule *1028. The preliminary objections shall be filed in letter brief format rather than motion package format. Its caption must specify "Asbestos Litigation" and name opposing counsel. Facts, issues and pertinent case law should be included. Each motion must include a proposed order.

### C. Answers to Complaints

Defendant's answers to complaints are governed by Rule 1041.1 of the Pennsylvania Rules of Civil Procedure.

## II.   GIFFEAR DOCKET

Cases that do not state a valid claim pursuant to <u>Giffear v. Johns-Manville Corp.</u>, 632
A.2d 880 (Pa.Super. 1993), aff'd sub nom. <u>Simmons v. Pacor, Inc.</u>, 674 A.2d 232 (Pa.1996),
shall be placed on an inactive docket.

To reactivate a case which has been discontinued pursuant to <u>Giffear</u>, a Motion to
Reactivate must be filed and include all necessary medical reports supporting said motion.
The motion shall be filed in letter brief format consistent with the Mass Tort Motion
procedures.

## III.   DISCOVERY

The following deadlines shall apply for the completion of discovery and the exchange of
expert reports:

<u>180 Days prior to jury selection</u>-

Plaintiffs shall serve answers to Defendants' Master Interrogatories and Requests for
Production Directed to Plaintiffs, including information relating to Bankruptcy Trust Filings.

Plaintiffs shall forward the identification of all health care providers along with addresses to
defense counsel and RecordTrak.

Plaintiffs shall forward HIPAA compliant authorizations signed by plaintiffs to RecordTrak.

<u>120 days prior to jury selection</u>-

Plaintiffs shall serve medical, economic and liability expert reports.

Plaintiffs shall produce to lead defense counsel all diagnostic materials in the possession of
plaintiffs or their counsel and all diagnostic material reviewed by plaintiffs' experts. This
includes, but is not limited to, x-rays, CT scans, pathology and cytology.

Plaintiffs shall serve product identification witness lists identifying the defendants the
witnesses are expected to identify.

<u>100 days prior to jury selection</u>-- Completion of plaintiffs' depositions.

<u>90 days prior to jury selection</u>-- Completion of all co-worker depositions.

<u>45 days prior to jury selection</u>-- Defendants shall serve medical and economic expert reports.

<u>10 days prior to jury selection</u>--Defendants shall serve expert liability reports.

## IV.   STIPULATIONS OF DISMISSAL

1.    If a plaintiff has agreed to stipulate to the dismissal of a defendant, the defendant
(hereinafter the "Stipulated Defendant") shall prepare a Stipulation of Dismissal.

2.    The Stipulated Defendant shall circulate the Stipulation of Dismissal to all defense
counsel by letter, stating that any party has ten (10) days from the date of the letter to object

to the dismissal of the Stipulated Defendant.

    3.    If a party objects to the dismissal of the Stipulated Defendant, the objecting party shall notify the Stipulated Defendant in writing of the basis for the objection.

    4.    If, after the expiration of the ten (10) day period, no objections are received by the Stipulated Defendant, the Stipulation of Dismissal may be electronically filed with the Court as unopposed.

    5.    The package electronically filed with the Court shall include the signed Stipulation of Dismissal and a cover letter stating no objections have been raised within the ten (10) day period.

    6.    Service of the Court-approved Stipulation of Dismissal shall be effectuated via the Court's electronic filing system on all parties of record.

## V.  MOTION PRACTICE AND PROCEDURE

All summary judgment motions shall be filed in accordance with the Revised Asbestos Summary Judgment Motion Procedures, a copy of which is attached hereto. In addition, to prevent the filing of unnecessary motions, five (5) days prior to the deadline for filing summary judgment motions (or 85 days prior to jury selection) Plaintiffs' counsel are to serve upon all parties to a case, a 'Dismissal Letter' indicating all defendants which Plaintiff will voluntarily dismiss from that case.

All other motions, including motions for *forum non conveniens*, motions to amend complaints, motions to compel, motions to enforce settlements, etc., shall be filed in accordance with the Revised Mass Tort Motion Procedures, a copy of which is attached hereto.

## VI.  TRIAL SCHEDULING

The dates for all scheduled trials will be published each Monday in The *Legal Intelligencer*.

## VII.  DEADLINES FOR CASES THAT MOVE TO NEW TRIAL GROUPS

If any case is moved, with the consent of the Court, from its original trial group to a later trial group, all discovery and motions deadlines for the later group will apply. Any summary judgment motions filed prior to moving the case will be considered moot and must be re-filed in accordance with the deadlines for the group to which the case has been moved, except for cases where the motion deadline for the new group has already passed at the time the case is moved. For those cases, motions will remain open and need <u>not</u> be re-filed. Those motions remaining open shall be decided by the Coordinating Judge in accordance with the deadlines for the new group.

## VIII.  CALL OF THE LIST

A brief call of the asbestos list will be conducted every Monday at 11:00 a.m. The Court will conduct general asbestos business and call those cases listed for trial for the following month.Knowledgeable representatives of each party involved in the next month's scheduled trials shall attend.

A meeting of the Asbestos Kitchen Cabinet will be conducted on the first Monday of each month, following the call of the list.

## IX.  SANCTIONS

Failure to comply with any deadlines set forth in the Case Management Order may result
in the imposition of appropriate sanctions, including dismissal.

BY THE COURT:

**ARNOLD L. NEW**
**COORDINATING JUDGE**
**COMPLEX LITIGATION CENTER**

**WEITZ & LUXENBERG**
*A New York Professional Corporation*
By: Tia Dinh
Identification No.: 311406
200 Lake Drive East, Suite 205
Cherry Hill, NJ 08002
(856)755-1115



Attorneys for Plaintiff(s)

SUSAN E. MURPHY, INDIVIDUALLY
AND AS EXECUTOR OF THE ESTATE OF
DONALD A. MURPHY, DEC.
1025 W Nasa Blvd C 11D
Melbourne, FL 32919-0001

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM 2013
NO.

Plaintiff(s)

ASBESTOS CASE

vs.

JURY TRIAL DEMANDED

UNION CARBIDE CORPORATION

Defendants.

## DEFENDANTS SERVICE LIST

UNION CARBIDE CORPORATION
CT Corporation Systems
111 8th Avenue
New York, NY 10011

Case ID: 13060387

**WEITZ & LUXENBERG**
*A New York Professional Corporation*
By: Tia Dinh
Identification No.: 311406
200 Lake Drive East, Suite 205
Cherry Hill, NJ 08002
(856)755-1115

Attorneys for Plaintiff(s)

| | |
|---|---|
| SUSAN E. MURPHY, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF DONALD A. MURPHY, DEC. 1025 W Nasa Blvd C 11D Melbourne, FL 32919-0001 | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| | TERM 2013 |
| | NO. |
| Plaintiff(s) | ASBESTOS CASE |
| vs. | JURY TRIAL DEMANDED |
| UNION CARBIDE CORPORATION | |
| Defendants. | |

### CIVIL ACTION COMPLAINT

Plaintiff(s) incorporate by reference Plaintiffs Mater Long Form Complaint In re:

Asbestos Litigation in Philadelphia County Court of Common Pleas, filed as of October Term

1986, No. 8610-0001. Pursuant to an Order dated July 30, 1986, and signed by the Honorable

Richard B. Klein, the following Short Form Complaint is utilized in this asbestos action.

    1.    This Complaint involves the claims of the following person(s):
        a.  Plaintiff:
           Name:    DONALD MURPHY
           Address:   1025 W Nasa Blvd C 11D
           Melbourne, FL 32919-0001
           Social Security Number:   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
           Date of Birth:     December 22, 1929
           Plaintiff-spouse:
           Name:    SUSAN MURPHY
           Address:   1025 W Nasa Blvd C 11d
           Melbourne, FL 32919-0001
           DOB:     09/24/1953
           Social Security:   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

Case ID: 13060387

2.    The Defendant is a company listed in the caption.

3.    Plaintiff(s) might have named as defendants other additional entities responsible for

the manufacture, distribution and/or supply of products that contained asbestos, except that such

other entities have petitioned for relief in bankruptcy under the United States Bankruptcy Code

and, pursuant to federal statute, the institution of actions against these entities is stayed.

4.    Plaintiff(s) hereby incorporate by reference the following Counts from the Master

Long Form Complaint: Counts I, II, III, IV, V, VI, VII and X.

5.    Plaintiff(s) asbestos employment history is as follows:

| | | | | | |
|---|---|---|---|---|---|
| FORT DRUM, ARMY BASE | WATERTOWN | NY | 01/1948 | 12/1956 | LIEUTENANT |
| FORT BENNING | FORT BENNING | GA | 01/1948 | 12/1956 | LIEUTENANT |
| HUD HOUSING PROJECT | HOBOKEN | NJ | 01/1950 | 12/1950 | RENOVATOR |
| VARIOUS RESIDENTIAL | NEW | NJ | 01/1960 | 12/1960 | RENOVATOR |
| US ARMY NATIONAL GUARD | | | 01/1948 | 12/1956 | LIEUTENANT |

6.    Plaintiff was diagnosed on July 11, 2011 at Broward General Medical Center,

Ft. Lauderdale, Florida as having Mesothelioma which is the direct and proximate result of his

exposure to asbestos dust and fibers.  This exposure arose from working with or around products

manufactured and distributed by defendants.

7.    Plaintiff's smoking history:

Plaintiff smoked approximately 2 packs daily from 1947 to 1965 and smoked a pipe from 1965 to 2006.

8.    Plaintiff's wages during his full year of employment were:

a.    To be supplied if applicable.

WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiff(s)

By: _____
       Tia Dinh

Case ID: 13060387

## VERIFICATION

I, Tia Dinh, attorney for Plaintiff(s), verify that the facts set forth in the

foregoing are true and correct to the best of my information, knowledge and belief.

I understand that the statements contained herein are subject to the penalties of 18 PA

C.S.A. Sec. 4904 relating to unsworn falsification to authorities.

Dated: 6/27/13

_____
Tia Dinh

Case ID: 13060387

## CERTIFICATION

I, Tia Dinh, attorney for the Plaintiff(s), certifies pursuant to Pennsylvania

Rule No. 205.4 that the hard copy of this electronically filed document was properly signed.

Dated:  6/27/13

_____

Tia Dinh

**WEITZ & LUXENBERG**
*A New York Professional Corporation*
By: Robert M. Silverman
Identification No.: 26853
200 Lake Drive East, Suite 205
Cherry Hill, NJ 08002
(856)755-1115

Attorneys for Plaintiff(s)

SUSAN E. MURPHY, INDIVIDUALLY
AND AS EXECUTOR OF THE ESTATE OF
DONALD A. MURPHY, DEC.
1025 W Nasa Blvd C 11D
Melbourne, FL 32919-0001

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM 2013

NO.

ASBESTOS CASE

JURY TRIAL DEMANDED

Plaintiff(s)

vs.

UNION CARBIDE CORPORATION,

Defendants.

## NOTICE TO PLEAD

### NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance, personally, or by an attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:
PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
Telephone: 215-238-1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plaza al partif de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abagado y entregar a la corte en forma escrita sus defensos o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABAGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-1701

Case ID: 13060387

Pathology/Review Consultation Report
Temporary Copy                          Page 1 of 1
Spec: RS-11-0005838                     Patient: MURPHY, DONALD A
Coll: Coll 6/16/2011 19:49              DOB: 6/1/1946
Ordered by: Broward Gen Medl Ctr, Client  Location: H. Lee Moffit

## Clinical History
NONE GIVEN

## Contributor Information
BROWARD GENERAL MEDICAL CENTER
1600 S. ANDREWS AVE
FORT LAUDERDALE, FL, 33316
T 954-355-5567
F 954-355-5568

## Material Submitted
A. BS-11-5838, 4 SLIDES AND 10 UNSTAINED SLIDES
## Final Diagnosis

BS-11-0005838, 4 SLIDES, DATED: 06/16/2011

LUNG, RIGHT NODULE, BIOPSY:
Invasive epithelioid neoplasm involving adipose tissue, most consistent with epithelioid
mesothelioma.
See Comment.

COMMENT: Immunhistochemical stains performed by the contributor but not available for review
show the neoplastic cells to express both cytokeratin and calretinin, however, they lack expression of
CK7, CK20, TTF-1, synaptophysin, chromogranin, mucin and CEA. Immunohistochemical stains
performed at Moffit Cancer Center with adequate controls reveal the tumor cells to be weakly positive
for D2-40 and WT-1, but negative for MOC31 and BerEP4. These findings support the above
diagnosis.

I, SONER ALTIOK the attending pathologist, personally reviewed all slides
and / or materials and rendered the final diagnosis. Electronically Signed
Out by SONER ALTIOK MD  07.13.11 04:58 pm

PKM

Case ID: 13060387

# EXHIBIT B



Filed and Attested by
PROTHONOTARY
24 JUL 2013 02:41 pm
E. MARQUILLO

**Robert N. Spinelli, Esquire**
**rspinelli@kjmsh.com**
**I.D. No. 28051**
**Kelley Jasons McGowan Spinelli Hanna &**
**Reber, LLP**
**Two Liberty Place, Suite 1900**
**50 South 16ᵗʰ Street**
**Philadelphia, PA  19102**
**(215) 854-0658**

**Attorney for Defendant:**
**Union Carbide Corporation**

---

SUSAN E. MURPHY, Individually and as
Executor of the Estate of DONALD A. MURPHY,
Deceased

            vs.

UNION CARBIDE CORPORATION

  :  PHILADELPHIA COUNTY
  :  COURT OF COMMON PLEAS
  :
  :
  :  JUNE TERM, 2013
  :  NO.  3873
  :
  :
  :  ASBESTOS CASE

---

## ENTRY OF APPEARANCE AND ANSWER OF DEFENDANT
## UNION CARBIDE CORPORATION
## <u>TO PLAINTIFF'S COMPLAINT</u>

      Pursuant to Rule 1041.1(c) of the Pennsylvania Rules of Civil Procedure, Robert N. Spinelli,

Esquire, enters his appearance on behalf of defendant Union Carbide Corporation and hereby

answers the Complaint filed in the above-captioned matter.  By operation of this Rule, this Entry

constitutes a denial of all averments of fact in the Complaint, an allegation of all affirmative defenses and a claim for indemnification and contribution from all other defendants and additional defendants.

This entry is further filed in accordance with Philadelphia County Court of Common Pleas Local Rule 1019.1. Answering defendant hereby incorporates by reference the Defendants' Master New Matter, and all amendments thereto, filed by defendants in In Re: Asbestos Litigation, Special Asbestos Docket, October Term, 1986, Number 0001.

**KELLEY JASONS McGOWAN SPINELLI HANNA & REBER, LLP**


BY: */s/ Robert N. Spinelli*
　　　Robert N. Spinelli
　　　Attorney for Defendant
　　　Union Carbide Corporation

## CERTIFICATE OF SERVICE

I, Robert N. Spinelli, do hereby certify that a true and correct copy of the foregoing Entry of Appearance and Answer of Defendant Union Carbide Corporation to Plaintiff's Complaint was filed this date via the First Judicial District of Philadelphia Court of Common Pleas Civil Trial Division's E-Filing System and thereby deemed served on all counsel of record pursuant to rule 205.4(g) of the Pennsylvania Rules of Civil Procedure.


/s/ Robert N. Spinelli
Robert N. Spinelli


Dated:  July 22, 2013

## CERTIFICATE OF SERVICE

I, Robert N. Spinelli, Esquire, hereby certify that a true and correct copy of the foregoing

Notice of Removal was served upon plaintiff's counsel via U.S. Mail, First Class, postage

prepaid, addressed as follows:  Tia Dinh, Esquire, Weitz & Luxenberg, P.C., 200 Lake Drive

East, Suite 205, Cherry Hill, NJ  08002 and electronically served, on this 24th day of July, 2013.


**KELLEY JASONS McGOWAN SPINELLI
HANNA & REBER, LLP**


**BY:** */s/ Robert N. Spinelli*
**Robert N. Spinelli
Catherine N. Jasons
I.D. No. 28051/30105
Two Liberty Place, Suite 1900
50 South 16th Street
Philadelphia, PA  19102
(215) 854-0658
rspinelli@kjmsh.com
cjasons@kjmsh.com
Attorneys for Defendant
Union Carbide Corporation**

IN THE UNITED STATES DISTRIC COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN E. MURPHY, Individually and as | : | CIVIL ACTION |
| Executor of the Estate of DONALD A. | : | |
| MURPHY, deceased | : | No. _____ |
| | : | |
| vs. | : | |
| | : | Removed from the Court of Common |
| | : | Pleas of Philadelphia County, |
| | : | Pennsylvania |
| UNION CARBIDE CORPORATION | : | June Term, 2013, No.  3873 |

### FED. R. CIV. P. 7.1 DISCLOSURE STATEMENT OF
### DEFENDANT UNION CARBIDE CORPORATION

Defendant Union Carbide Corporation is wholly owned by The Dow Chemical Company

("TDCC").  TDCC has no parent companies, and no other publicly held company owns 10

percent or more of TDCC's stock.

KELLEY JASONS McGOWAN SPINELLI
HANNA & REBER, LLP


BY: /s/ Robert N. Spinelli
   Robert N. Spinelli
   Catherine N. Jasons
   I.D. No. 28051/30105
   Two Liberty Place, Suite 1900
   50 South 16th Street
   Philadelphia, PA  19102
   (215) 854-0658
   rspinelli@kjmsh.com
   cjasons@kjmsh.com
   Attorneys for Defendant
   Union Carbide Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2013, I caused the foregoing Fed. R. Civ. P. 7..1 Disclosure Statement of Defendant Union Carbide Corporation to be electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's CM/ECF system.

*/s/ Robert N. Spinelli*
**Robert N. Spinelli**